**Opinion issued April 28, 2020**



**In The**

# Court of Appeals

**For The**

# First District of Texas

————————————

**NO. 01-20-00103-CV**

————————————

**GERALD EUGENE SMALLEY A/K/A YAZID MALIK BEY, Appellant**

**V.**

**FOUR BROWN AND WHITE PAINT HORSES AND ONE BLACK AND WHITE PAINT HORSE, Appellees**

---

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Case No. 1147414**

---

### MEMORANDUM OPINION

Appellant, Gerald Eugene Smalley also known as Yazid Malik Bey, attempts to appeal from the December 27, 2019 order of disposition on trial de novo of the right to possession of four brown and white paint horses and one black and white paint horse ordered seized by the Justice Court. We dismiss the appeal.

On December 13, 2019, the Justice Court ordered five horses seized from Gerrald Eugene Smalley also known as Yazid Malik Bey. Bey appealed that ruling to the County Court at Law No. 2, and after a non-jury trial de novo, that court signed an order determining that the animals were cruelly treated or abandoned by Bey and ordering that Bey was divested of the seized animals. Bey then filed a notice of appeal.

Section 821.025 permits an owner, who has been divested of ownership of an animal, to appeal that order to the county court or county court at law. *See* TEX. HEALTH & SAFETY CODE § 821.025(a). The decision of the county court at law "is final and may not be further appealed." *Id.* § 821.025(e); *see Madison v. Harris County*, No. 01-17-00675-CV, 2017 WL 4414035, at * 1 (Tex. App.—Houston [1st Dist.] Oct. 5, 2017, no pet.) (dismissing attempted appeal from county court at law order on trial de novo of right to possession of animals under Section 821.023 because no appeal is permitted under Section 821.025(e)).

The Court issued a notice to Bey concerning our intent to dismiss this appeal for lack of jurisdiction, noting that no appeal is permitted from the County Court at Law's order. The order was returned as undeliverable on February 28, 2020. Appellee, Harris County, filed a motion to dismiss, including a certificate of service

to Bey at the same address that this Court has for Bey. No response to this Court's notice, or to Harris County's motion, was received.[1]

Because Bey is prohibited by statute from appealing the County Court at Law order, we dismiss the appeal for lack of jurisdiction. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Kelly and Goodman.

---

[1] Appellant is responsible for updating his mailing address. *See* TEX. R. APP. P. 9.1(b) (requiring pro se appellants to give the party's mailing address and email address whenever that party files any document with the Court).